IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>v.<br><br>SIOSAIA TAKAI,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO ENTER RESTITUTION**<br><br>Case No. 2:11-cr-542-CW<br><br>Judge Clark Waddoups |

The United States has moved the court for an order of restitution against Defendant Siosaia Takai under the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. § 3663A, in the amount of $209,672.16. (ECF No. 126.)

## BACKGROUND

On May 21, 2013, Mr. Takai pled guilty to two Hobbs Act robberies and one count of discharging a firearm during and in relation to a crime of violence. (ECF Nos. 108, 112.) Mr. Takai signed an 11(c)(1)(C) at this time acknowledging "the Court will determine at sentencing the final amount of restitution I must pay; or later if ordered by the court." (ECF No. 112, p. 5.) On August 20, 2013, the court sentenced Mr. Takai to 240 months Bureau of Prisons custody followed by 60 months supervised release. (ECF No. 118.) The court reserved imposition of restitution at that time. (*See id.*) On August 23, 2013, the court entered judgment in this case, reserving restitution for 60 days. (ECF No. 119, p. 5.)

Over three years later, on November 9, 2016, the United States filed a sealed Motion to Enter Restitution. (ECF No. 126.) After a substitution of defense counsel, Mr. Takai objected to the Motion on the grounds that the government had not identified the proper victim under the MVRA and that the court reserved restitution for 60 days from the date of the judgment and

1

otherwise complied with the procedures for issuing restitution orders under 18 U.S.C. § 3664, and thus the government's belated request should be denied. (*See* ECF No. 132.) Mr. Takai cited section 3664(d)(5), which states:

> If the victim's losses are not ascertainable by the date that is 10 days prior to sentencing, the attorney for the Government or the probation officer shall so inform the court, and the court shall set a date for the final determination of the victim's losses, not to exceed 90 days after sentencing. If the victim subsequently discovers further losses, the victim shall have 60 days after discovery of those losses in which to petition the court for an amended restitution order. Such order may be granted only upon a showing of good cause for the failure to include such losses in the initial claim for restitutionary relief.

18 U.S.C. § 3664(d)(5).

On February 27, 2017, the court heard argument from the parties and took the Motion under advisement. This order follows.

## ANALYSIS

Under the MVRA, the sentencing court must award restitution for "any offense that is a crime of violence [under 18 U.S.C. § 16] . . . [or] an offense against property under [United States Code Title 18] . . . in which an identifiable victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. § 3663A(c)(1). The parties do not dispute that Mr. Takai's Hobbs Act robbery convictions fall within the scope of this provision for mandatory restitution. Thus, the court turns to analyze (1) whether it retains authority to enter restitution at this late juncture and (2) whether the entity the government identified, Broadspire Insurance, constitutes a "victim" under the MVRA.

As to the first issue, the Supreme Court has held that "[a] sentencing court that misses the 90–day deadline nonetheless retains the power to order restitution—at least where, as here, the sentencing court made clear prior to the deadline's expiration that it would order restitution, leaving open (for more than 90 days) only the amount." *Dolan v. United States*, 560 U.S. 605,

608 (2010). This is because "the Act's efforts to secure speedy determination of restitution is *primarily* designed to help victims of crime secure prompt restitution rather than to provide defendants with certainty as to the amount of their liability." *Id.* at 613. Thus, "[e]ven in the unlikely instances where that delay does cause the defendant prejudice—perhaps by depriving him of evidence to rebut the claimed restitution amount—the defendant remains free to ask the court to take that fact into account upon review. That inquiry might also consider the reason for the delay and the party responsible for its cause, i.e., whether the Government or the victim." *Id.* at 617.

Though *Dolan*'s language does not address the instance where a court reserves restitution for a specified amount of time, as here, the court finds that *Dolan*'s rationale applies with equal force to this situation. Restitution is mandatory under the MVRA. The court clearly reserved the imposition of restitution at the sentencing, prior to the 90-day deadline, leaving open only the amount. *See Dolan*, 560 U.S. at 608. When Mr. Takai pled guilty to the offenses here, he agreed that restitution was appropriate and would be ordered by the court at a later date.

While the court is concerned by the government's extraordinarily late request to enter restitution in this case—and the government provides no excuse for the lateness other than its own oversight in submitting the restitution request—the court finds the law clearly supports an imposition of restitution when a court reserves it for a later date, even where the court had articulated a specific period of time in which it would reserve restitution or where restitution is ultimately ordered after considerable delay. Other courts applying *Dolan*'s reasoning have upheld restitution orders in such circumstances. *See United States v. Rodriguez*, 751 F.3d 1244, 1260–61 (11th Cir. 2014) (finding *Dolan*'s reasoning supported a district court's authority to impose restitution more than ninety days after sentencing and affirming a restitution order

entered more than two years after sentencing because the defendant had not shown prejudice and had contributed to the delay); *United States v. Zaic*, 744 F.3d 1040, 1042–44 (8th Cir. 2014) (finding the district court could impose restitution after the ninety-day deadline under *Dolan* and affirming the additional imposition of restitution 133 days after sentencing because the defendant had not shown any prejudice); *United States v. Fu Sheng Kuo*, 620 F.3d 1158, 1162–63 (9th Cir. 2010) (affirming a district court's order of restitution after the 90-day deadline, even though the court had indicated the restitution motion should be filed within the statutory period, because "the district court's statements regarding restitution 'made clear' to the parties, before the deadline expired, that it would order restitution; accordingly, the court 'retained the power to order restitution'" (quoting *Dolan*, 560 U.S. at 608)).

Mr. Takai has not marshalled any evidence of prejudice from this late-ordered restitution, besides counsel's suggestion at the motion hearing that Mr. Takai might not have understood that restitution could still be ordered after the 60-day period, and so he might be under an impression that he does not have to pay restitution. This contention falls far short of showing prejudice from the order of restitution now, especially because restitution was clearly agreed to in the plea agreement and reserved at sentencing. The court finds the MVRA's objective of making victims whole outweighs any issue of notice to Mr. Takai that restitution is still owed in this case.

Turning to the issue of the proper victim here, the government has identified Broadspire, an insurance provider located in Lexington, Kentucky, as the "victim" under the MVRA because Broadspire covered the medical costs incurred by the 7-Eleven clerk whom Mr. Takai shot. The MVRA defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. 3663A(a)(2). Thus, the court can compensate victims only for actual losses that were proximately caused by the

defendant. *See United States v. James*, 564 F.3d 1237, 1246 (10th Cir. 2009) (stating that courts determine restitution based on victims' "actual loss"); *United States v. Gordon*, 480 F.3d 1205, 1210 (10th Cir. 2007) (explaining that the statutory maximum on the amount of restitution is "the amount causally linked to the offense of conviction"). Mr. Takai contends that Broadspire is not a "victim" within the meaning of the MVRA and asserts that the clerk was the only victim "directly and proximately harmed" as a result of Mr. Takai's robberies. (ECF No. 132, p. 2.) This argument is foreclosed by the MVRA itself, as well as the case law.

Section 3664(j)(1) states:

> If a victim has received compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

18 U.S.C. § 3664(j)(1). In this case, Broadspire paid the medical costs of the clerk and, therefore, was "directly and proximately" harmed by the offense of conviction. Moreover, courts have found insurance companies to be "identifiable victims" and ordered restitution to compensate the insurance companies for payments made on an insured's behalf. *See United States v. Burks*, 678 F.3d 1190, 1198 (10th Cir. 2012) (finding both the property owner and insurance company to be identifiable victims and affirming restitution ordered to both); *United States v. Schmidt*, 675 F.3d 1164, 1169 (8th Cir. 2012) (noting that "the language of section 3664(j)(1) discusses compensation from 'insurance or any other source,' thus indicating that the nature of the entity providing compensation is irrelevant to a determination of whether restitution should be paid" and affirming an order of mandatory restitution to South Dakota's Medicaid and crime victim compensation programs); *United States v. Cliatt*, 338 F.3d 1089, 1091 (9th Cir. 2003) (finding that § 3664(j)(1) requires courts to "order restitution to be paid directly to an insurer (or other

source of compensation) if there is a 'victim' within the meaning of the MVRA and if the third party compensated the victim for some or all of the victim's loss"); *United States v. Searing*, 250 F.3d 665, 668 (8th Cir. 2001) (noting that "insurance companies are entitled to recover for the amounts paid on claims, and restitution can be split between victims and insurers" (citations omitted)); *see also United States v. Sunrhodes*, 831 F.2d 1537, 1545 (10th Cir. 1987) (noting that "victim" under the Victim and Witness Protection Act, which was later amended to become the MVRA, included "nonhuman entities" and ordering restitution to the Indian Health Services, which paid the medical expenses for the victim of a gunshot wound).

As to the amount of restitution, the government attached to its Motion a list of all reimbursements Broadspire made in connection with the medical costs incurred by the clerk, totaling payments of $209,672.16. Mr. Takai has not challenged this sum or the documentation supporting it, nor claimed that these expenses were not reasonable, necessary, or related to the clerk's injuries sustained from the gunshot wound. The government has not submitted any evidence that the clerk himself paid any of these medical expenses. Thus, in this court's understanding, all of the loss claimed here accrued directly to Broadspire.

Based on the foregoing, the Court GRANTS the Motion to Enter Restitution, (ECF No. 126). The court DIRECTS Mr. Takai to pay Broadspire Insurance restitution in the amount of $209,672.16. During his period of incarceration, Mr. Takai's restitution will be payable on a schedule of $25 per quarter. After incarceration, Mr. Takai shall pay restitution in the amount of 20% of his gross income per month.

DATED this 2nd day of January, 2018.

BY THE COURT:

_____
Clark Waddoups
United States District Judge