IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SIOSAIA TAKAI,<br><br>Defendant. | **MEMORANDUM DECISIONS AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 2:11-cr-00542-CW<br><br>Judge Clark Waddoups |

This matter is before the court on Defendant Siosaia Takai's motion for compassionate release, which seeks a reduction, under 18 U.S.C. § 3582(c)(1)(A), of the 240-month sentence that Mr. Takai agreed to through a plea agreement made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (ECF No. 135.) Mr. Takai contends that a reduction of his sentence is warranted because recent amendments to the sentencing provisions of 18 U.S.C. § 924 made by the First Step Act have created a disparity between the sentence that Mr. Takai agreed to when he pled guilty in 2013 and the sentence he would have accepted now if he were sentenced under current law. According to Mr. Takai, that disparity, when considered along with his youth at the time of his conviction and the steps he has taken towards rehabilitation, gives rise to extraordinary and compelling reasons to reduce his sentence under § 3582(c)(1)(A).

Because the court concludes that extraordinary and compelling reasons to reduce Mr. Takai's sentence do not exist, and that reducing Mr. Takai's sentence would not be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a), Mr. Takai's motion for compassionate

release is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 2, 2011, Mr. Takai committed a robbery of Dick's Market, a grocery store located in Bountiful, Utah. (Statement in Advance of Plea at 4, ECF No. 112.) During the robbery, Mr. Takai demanded money from a store employee and brandished a firearm. (*Id.*) As he left the store, he told the employee not to call the police or he would kill her. (*Id.*)

On June 15, 2011, Mr. Takai committed another robbery of a 7-Eleven convenience store located in Salt Lake City, Utah. (*Id.*) Like his first robbery, Mr. Takai brandished a firearm at a store employee and demanded money and goods. (*Id.*) Mr. Takai then forced the employee into the back room of the store and discharged his firearm, striking the employee in the face with a bullet. (*Id.*) He then fled the store. (*Id.*)

On June 23, 2011, a criminal complaint was filed against Mr. Takai charging him with two counts of Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a), and two counts of using, carrying, and brandishing a firearm in a crime of violence, in violation of 18 U.S.C. § 924(c), based on the robberies referenced above. (*See* ECF No. 1.) On May 21, 2013, Mr. Takai pled guilty to both Hobbs Act robbery counts and to the Section 924(c) count relating to his robbery of the 7-Eleven in exchange for the Government's agreement to dismiss the second Section 924(c) count. (ECF No. 108.) As part of his plea agreement, Mr. Takai stipulated to a sentence of 240-months in prison pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. (*See* Statement in Advance of Plea at 5, ECF No. 112.) The court accepted Mr. Takai's plea agreement and sentenced him to 240-months imprisonment and 60-months of supervised release. (Judgment, ECF No. 119.)

On April 20, 2021, Mr. Takai submitted a request to his warden for a reduction of his sentence based on a disparity between the 240-month sentence he agreed to in his plea agreement and what he claims he would have agreed to if he had been sentenced after amendments were made to the sentencing provisions of Section 924(c) after enactment of the First Step Act. (ECF No. 135 at 2.) Mr. Takai's request was denied by his warden on May 12, 2021. (*Id*. at 3.)

Thereafter, on June 4, 2021, Mr. Takai filed a pro se motion with this court seeking compassionate release on grounds similar to those included in the request that was filed with his warden. (ECF No. 135.) Counsel from the Federal Public Defender's office appeared on Mr. Takai's behalf thereafter and, upon the court's request, filed supplemental briefing in support of Mr. Takai's motion arguing that the disparity referenced in Mr. Takai's motion, along with Mr. Takai's young age at the time of his robberies and steps he has taken towards rehabilitation while in prison, amount to extraordinary and compelling reasons for a reduction in Mr. Takai's sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 142.)

The Government opposes Mr. Takai's motion, arguing that to the extent there is a disparity between the sentence Mr. Takai agreed to and the sentence he would have agreed to after amendments made to Section 924(c)'s sentencing provisions by the First Step Act, that disparity does not give rise to extraordinary and compelling reasons for a reduction in Mr. Takai's sentence. (ECF No. 139 at 3-5.) The Government also argues that, even if the purported sentencing disparity raised by Mr. Takai did justify a finding of extraordinary and compelling reasons for a sentence reduction, reducing Mr. Takai's sentence would not be consistent with the sentencing factors set forth in 18 U.S.C. § 3553(a) because, based on the nature of his crimes, Mr. Takai continues to pose a danger to the community and that Mr. Takai's current sentence accurately reflects the

seriousness of Mr. Takai's offenses, provides just punishment, and affords general deterrence. (*Id*. at 6-7.)

## ANALYSIS

**I.      MR. TAKAI'S MOTION IS PROCEDURALLY PROPER.**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but that rule of finality is subject to a few narrow exceptions." *United States v. Maumau*, 993 F.3d 821, 830 (10th Cir. 2021) (citation omitted, internal alteration omitted). One exception is provided in 18 U.S.C. § 3582(c)(1)(A), which allows courts to reduce a term of imprisonment upon a finding of extraordinary and compelling reasons.

The First Step Act amended Section § 3582(c)(1)(A) "to allow defendants to seek relief under the statute on their own, rather than depending on the Director of the BOP." *United States v. Hald*, 8 F.4th 932, 937 (10th Cir. 2021). A defendant may file such a motion after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or "30 days after the warden . . . received [the defendant's] request that the warden make a motion on [the defendant's] behalf, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

There is no dispute that Mr. Takai filed a request for a reduction in his sentence with his warden on April 20, 2021, (ECF No. 135 at 2), and that his warden denied that request on May 12, 2021, (*id*. at 3). Thereafter, Mr. Takai filed his current motion for compassionate relief on June 4, 2021. (*Id*. at 1.) Accordingly, Mr. Takai satisfied the exhaustion requirements set forth in Section 3582(c)(1)(A) before filing the current motion and the motion is procedurally proper.

## II.     THREE STEP TEST

The First Step Act granted sentencing courts authority to reduce an otherwise final term of imprisonment for "extraordinary and compelling reasons" upon a motion by the defendant. 18 U.S.C. § 3582(c)(1)(A)(i) provides:

> (1)     In any case—
>
> > (A)     the court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> >
> > > (i)     extraordinary and compelling reasons warrant such a reduction;
> > > . . . .
> > >
> > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

*Id.* Thus, the statutory requirements for sentence reduction are that the court (1) find extraordinary and compelling reasons for the reduction, (2) consider the relevant sentencing factors under 18 U.S.C. § 3553(a), and (3) ensure that any reduction is consistent with applicable Sentencing Commission policy statements. *Hald*, 8 F.4th at 937 (holding that the "plain language of [§ 3582(c)(1)] creates a 'three-step test'") (citation omitted). The Tenth Circuit has reaffirmed that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* (quotations and citations omitted). Granting such a motion, however, requires a district court to "address all three steps." *Id.* (quotations and citation omitted).

### A.  Extraordinary and Compelling Reasons

The phrase "extraordinary and compelling reasons" is not defined in the statute. However, in a different statute, Congress directed the United States Sentencing Commission to "describe[, for purposes of Section 3582(c)(1)(A),] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t).

Since Congress amended Section 3582 through the First Step Act to allow defendants to seek a reduction in their sentence directly, however, the Sentencing Commission has not had a quorum and, as a result, has been unable to promulgate any new policy statements regarding what constitutes extraordinary and compelling reasons for a sentence reduction when a motion is filed directly be a defendant. *See United States v. McGee*, 992 F.3d 1035, 1049-50 (10th Cir. 2021). Because the Sentencing Commission's current policy statement regarding the grounds for reducing a sentence applies, by its express language, only to motions brought by the Director of the Bureau of Prisons, the Tenth Circuit has held that it is not applicable to motions for compassionate release brough directly be defendants after enactment of the First Step Act. *Id*. at 1050 ("[T]he Sentencing Commission's existing policy statement is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants."). As a result, the Sentencing Commission's policy statement "cannot constrain district courts' discretion to consider whether any reasons are extraordinary or compelling." *Id*. (citation omitted).

Because the Sentencing Commission's current policy statement regarding what constitutes extraordinary and compelling reasons for a sentence reduction is not applicable to motions for compassionate release brought directly by defendants, the Tenth Circuit has recognized that there

may be reasons outside the scope of the Sentencing Commissions current policy statement that warrant a reduction of sentence under Section 3582(c)(1)(A).

Significant to this case is the Tenth Circuit's recent decision in *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021). In *Maumau*, the defendant was convicted by a jury of a number of crimes arising out of his commission of three armed robberies, including three counts of violating Section 924(c). *Id*. at 824-26. At the time of Maumau's conviction, the district court was required to impose "a 25-year mandatory minimum consecutive sentence for 'a second or subsequent conviction under [§ 924(c)],' even if the second and subsequent convictions were part of the same prosecution as the first such conviction." *Id*. at 826 (alteration in original). As a result, Maumau's three Section 924(c) convictions required the court to sentence Maumau to 57-years imprisonment.[1] *Id*.

In December 2018, Congress passed the First Step Act, which, among other things, amended Section 924(c) to eliminate the possibility of "stacked" mandatory minimum sentences upon multiple Section 924(c) convictions in the same prosecution. *Id*. Importantly, however, the First Step Act expressly limited the retroactivity of its amendments to Section 924(c) to "any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment." *Id*. (citation omitted). Therefore, because Maumau was sentenced before enactment of the First Step Act, the First Step Act's elimination of stacked sentencing did not apply to him.

Nevertheless, Maumau filed a motion for compassionate release arguing that the disparity

---

[1] Maumau's sentence was later reduced to 55 years for reasons that are not pertinent to the current motion. *See Maumau*, 993 F.3d at 826.

between the sentence he received as a result of Section 924(c)'s stacking provisions, and the sentence he would have received if he had been sentenced after the elimination of stacking by the First Step Act, constituted extraordinary and compelling reasons for a sentence reduction under Section 3582(c)(1)(A). The district court agreed and concluded that the disparity between Maumau's pre- and post-First Step Act sentences, when considered along with Maumau's young age at the time of his conviction, the fact that his sentence was much longer than some of his other co-defendants that committed similar crimes, the fact that he had a strong support network from his family, and that he had pending opportunities for employment, supported a finding that extraordinary and compelling reasons for a sentence reduction under Section 3582(c)(1)(A) existed. *Id*. at 828-29. The district court reduced Maumau's sentence to time served, plus a three-year term of supervised release. *Id*. at 829.

On appeal, the Tenth Circuit affirmed, holding that, while the First Step Act did not apply the amendments to Section 924(c) retroactively, it was within the district court's discretion to conclude that the sentencing disparity created in Maumau's case by the First Step Act's amendments to Section 924(c), when considered along with other factors, constituted extraordinary and compelling reasons for a sentence reduction under Section 3582(c)(1)(A). *Id*. at 837.

In a concurring opinion, Chief Judge Tymkovich cautioned that the court's holding in *Maumau* "does not give district courts carte blanche to retroactively apply in every instance the amendments to the stacking provisions in 18 U.S.C. § 924(c)." *Id*. at 838 (Tymkovich, C.J., concurring). "A long sentence derived from stacking cannot, by itself, be an 'extraordinary and compelling' reason for sentence reduction." *Id*. "Instead, a district court may consider the

legislative change to the stacking provision only in the context of an individualized review of a movant's circumstances." *Id*. And "[c]ases in which those circumstances warrant a finding of 'extraordinary and compelling reasons' should be relatively rare." *Id*.

In this case, Mr. Takai argues that his motion "presents the very same facts that supported a reduction in *Maumau*." (ECF No. 142 at 1.) Upon an individualized review of the circumstances of Mr. Takai's case, however, the court has found several differences between the circumstances of Mr. Takai's case and those facing the defendant in *Maumau* that warrant distinguishing this case from the result in *Maumau*.

First, unlike the defendant in *Maumau*, Mr. Takai pled guilty in order to avoid the effect of a mandatory stacked sentence had he been convicted of multiple violations of Section 924(c). While the court acknowledges that the possibility of receiving a stacked sentence likely influenced Mr. Takai's decision to agree to a 240-month sentence as part of his plea agreement with the Government, Mr. Takai's sentence was not a direct product of stacking under Section 924(c). *See United States v. Cameron*, No. 2:14-CR-00497-DN, 2022 WL 123569 at *2-3 (D. Utah Jan. 13, 2022) (unpublished) ("The possibility of sentence 'stacking' likely played a role in the parties' plea negotiations and Defendant's willingness to agree to a 240-month prison sentence. But the sentence Defendant received was not a product of sentence 'stacking.'"); *United States v. Small*, No. 2:16-CR-47-DAK, 2021 WL 2168935 at *3 (D. Utah May 27, 2021) (unpublished) ("Defendant faced a potential stacked sentence but not an actual stacked sentence."). Mr. Takai's sentence was a product of his plea agreement, in which he expressly agreed that 240-months was "a reasonable sentence." (*See* Statement in Advance of Plea at 5, ECF No. 112.) Thus, the court concludes that the fact that Mr. Takai agreed to his current sentence pursuant to a plea agreement

weighs against a finding of extraordinary and compelling reasons for a sentence reduction in this case.

Second, the disparity between the sentence that Mr. Takai agreed to, and the sentence that he might have agreed to had he pled guilty after the First Step Act's amendments to Section 924(c), is not as significant as the disparity that the defendant in *Maumau* faced as a result of the First Step Act's elimination of stacking. In *Maumau*, the defendant was subject to a mandatory sentence of 55 years as a result of his three Section 924(c) convictions. If sentenced after enactment of the First Step Act, Maumau would have faced a mandatory sentence for his Section 924(c) convictions of between 15 and 21 years.[2] *See* 18 U.S.C. § 924(c)(1)(A) and (C). Thus, the disparity between the sentence Maumau received, and the mandatory sentence he would have received if he had been sentenced after the First Step Act, was between 34 and 40 years.

In contrast, Mr. Takai's total sentence of 20 years is less than the disparity at issue in *Maumau*. And while it is impossible to determine what sentence Mr. Takai would have agreed to if he had been charged after the First Step Act's elimination of stacking without speculation,[3] the

---

[2] It is unclear whether any of Maumau's Section 924(c)'s convictions would have subjected him to a 7-year mandatory sentence for brandishing a firearm under Section 924(c)(1)(A)(ii) or a 5-year mandatory sentence under Section 924(c)(1)(A)(i). *See Maumau*, 993 F.3d at 826 (explaining that Maumau's sentence was reduced from 57 to 55 years as a result of the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), which held that a finding as to whether a defendant brandished, as opposed to merely carried, a firearm must be made by a jury to warrant an enhanced sentence under Section 924(c)(1)(A)(ii)).

[3] In his supplemental brief, Mr. Takai argues that there was an error made in calculating the sentencing guidelines in the original presentence investigation report at the time of his sentencing, making it even more unlikely that Mr. Takai would have agreed to a 20-year sentence had he negotiated his plea deal in the absence of threatened stacking for multiple Section 924(c) violations. (*See* ECF No. 142 at 3-5.) Even if Mr. Takai is correct about what the accurate sentencing guidelines were at the time of his sentencing, however, the court concludes that the purported error does not support a finding of extraordinary and compelling reasons for a sentence reduction in this case. Mr. Takai failed to object to the PIR's guidelines calculation at the time he

disparity between Mr. Takai's actual sentence and the potential sentence he might have agreed to after the First Step Act would certainly have been far less significant than the disparity at issue in *Maumau*. The court concludes that the significantly smaller impact that the First Step Act's amendments might have had on a potential sentence that Mr. Takai might have agreed to had he been charged after the First Step Act's enactment also weighs against a finding of extraordinary and compelling reasons for a sentence reduction in this case.

Finally, the difference between the crimes committed by Mr. Takai and the crimes that the defendant in *Maumau* was convicted of is also significant. Unlike the defendant in *Maumau*, Mr. Takai discharged his firearm during the course of his robbery of the 7-Eleven convenience store, striking a victim in the face with a bullet and causing serious bodily injury. Mr. Takai's discharge of a firearm arguably makes his crimes more significant than those that were at issue in *Maumau*. Nevertheless, Mr. Takai seeks a reduction in his sentence to a term of imprisonment that would be less than that served by Maumau. Granting Mr. Takai his requested reduction in sentence would not be consistent with the seriousness of his crimes. Thus, the court concludes that the nature of Mr. Takai's crimes also weighs against a finding of extraordinary and compelling reasons for a sentence reduction in this case.

---

was sentenced. And Mr. Takai has presented no evidence that his agreement to a 20-year prison sentence was influenced by the sentencing guidelines included in the original PIR. Moreover, as the Government points out, the guidelines included in the original PIR were based only on the charges that Mr. Takai pled guilty to. (*See* ECF No. 145 at 2-3.) Had he been convicted of multiple violations of Section 924(c), Mr. Takai would have faced a guidelines recommendation that exceeded the 240-month sentence he received. Thus, while the purported error in the original guidelines calculation, if true, might lend support to Mr. Takai's claim that he would not have agreed to a 240-month sentence if he had not faced the threat of a mandatory stacked sentence, it does not eliminate the fact that determining what sentence Mr. Takai would have agreed to could only be determined by resorting to speculation.

While the Court recognizes that there are circumstances in Mr. Takai's case that are similar to those that were at issue in *Maumau*, including Mr. Takai's youth at the time of his crimes, the steps he has taken towards rehabilitation while in prison, and his strong family support, when the totality of the circumstances are considered, the court concludes that Mr. Takai's case is distinguishable from the facts at issue in *Maumau* and that Mr. Takai has not established the existence of extraordinary and compelling reasons warranting a reduction in sentence pursuant to Section 3582(c)(1)(A) in this case. Accordingly, the court will deny Mr. Takai's motion on that basis.

**B.     Section 3553(a) Factors.**

While the court's conclusion that extraordinary and compelling reasons for reducing Mr. Takai's sentence do not exist is sufficient, by itself, to require denial of Mr. Takai's motion, the court also concludes that Mr. Takai's motion should be denied because the factors set forth in 18 U.S.C. § 3553(a) do not support a sentence reduction.

The crimes Mr. Takai was convicted of were serious. As discussed above, during his robbery of the 7-Eleven convenience store, Mr. Takai shot a victim in the face causing serious bodily injury. And during his robbery of the Dick's Market, Mr. Takai brandished his firearm at a store clerk and threatened to kill her. Mr. Takai voluntarily accepted his current 240-month sentence, a sentence that he agreed was reasonable, pursuant to a Rule 11(c)(1)(C) plea agreement. Given the nature of Mr. Takai's crimes, a reduction in his sentence would not reflect the seriousness of his offenses, promote respect for the law, or provide just punishment. The factors set forth in 18 U.S.C. § 3553(a) do not support granting Mr. Takai a reduction in sentence. Accordingly, Mr. Takai's motion is denied for this reason as well.

## **CONCLUSION**

For the reasons stated above, the court DENIES Mr. Takai's Motion for Compassionate Release (ECF No. 135).

DATED this 2nd day of June, 2022.

BY THE COURT:

_____
Clark Waddoups
United States District Court