IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>SIOSAIA TAKAI,<br><br>Defendant. | **MEMORANDUM DECISIONS AND ORDER DENYING MOTION TO RECONSIDER**<br><br>Case No. 2:11-cr-00542-CW<br><br>Judge Clark Waddoups |

On June 3, 2022, the court issued its memorandum decision and order in this case denying Defendant Siosaia Takai's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 146.) Shortly thereafter, Mr. Takai filed a motion to reconsider the court's denial of his motion for compassionate release in light of several decisions issued in this district after briefing on Mr. Takai's original motion was complete, all of which Mr. Takai contends granted compassionate release under conditions similar to his.[1] (ECF No. 148.) Because Mr. Takai's motion to reconsider does not identify a proper basis for reconsideration, the motion is denied.[2]

While the Federal Rules of Criminal Procedure do not authorize a motion for

---

[1] The factual and procedural background relevant to Mr. Takai's motion are stated in detail in the court's decision denying Mr. Takai's motion for compassionate release (ECF No. 146) and will not be restated here.

[2] The court has considered Mr. Takai's request for oral argument and concludes that oral argument would not be helpful on the issue of whether the requirements for a motion to reconsider have been satisfied.

reconsideration, the Tenth Circuit has recognized that "motions to reconsider in criminal prosecutions are proper." *United States v. Randall*, 666 F.3d 1238, 1241-42 (10th Cir. 2011) (quoting *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010)). This includes motions to reconsider a denial of relief under Section 3582. *See United States v. Warren*, 22 F.4th 917, 926 (10th Cir. 2022) ("[M]otions for reconsideration can be filed under § 3582 in this circuit.").

When considering a motion to reconsider an order issued in a criminal case, the Tenth Circuit has instructed that the standard that applies to motions brought in civil cases pursuant to Rule 60(b) of the Federal Rules of Civil Procedure governs. *See Warren*, 22 F.4th at 927. Thus, reconsideration of a previously issued criminal order is only appropriate when the party seeking reconsideration can show "(1) an intervening change in controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Id*. (citation omitted). A motion to reconsider is "not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed" and "should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id*. (citations omitted).[3]

Here, Mr. Takai has failed to identify any permissible ground for reconsideration of the court's denial of compassionate release. He has not cited any controlling law[4] or new evidence

---

[3] Although the government has not filed a response to Mr. Takai's motion to reconsider, the court must still apply the legal standard that governs motions to reconsider before granting him any relief. *See Warren*, 22 F.4th at 927 ("Even if the Government had agreed to waive the applicable legal standards, it could not do so. It is the district court's sole prerogative to decide the applicable law when considering a motion, and therefore the parties have no power to waive a standard of review.").

[4] As noted above, Mr. Takai's motion to reconsider does cite several recent decisions from another judge in this district, arguing that the court should grant him the same relief that was granted to defendants in those cases. While the court respects the decisions made in those cases,

that could not have been raised before the court's decision was issued. Nor has he demonstrated that the court's denial of his motion for compassionate release was the result of clear error or was manifestly unjust.

Instead, Mr. Takai's motion merely points out how the court could have exercised its discretion differently to provide the relief Mr. Takai seeks.

For example, Mr. Takai argues that "[t]he fact that Mr. Takai pleaded guilty to avoid stacked § 924(c) sentences that would no longer apply is an extraordinary and compelling circumstance that warrants a second look." (ECF. No. 148 at 7.) As an initial matter, this is simply a misstatement of controlling law. The Tenth Circuit has clearly held that "it can only be the *combination* of [a pre-First Step Act] sentence and a defendant's unique circumstances that constitute [sic] 'extraordinary and compelling reasons' for purposes of § 3582(c)(1)(A)(i)." *McGee*, 992 F.3d at 1048 (emphasis added). Thus, even if the court were to accept Mr. Takai's premise that a sentence that is agreed to pursuant to a Rule 11(c)(1)(C) plea agreement should be viewed the same as a sentence imposed after trial when both are influenced by sentence stacking under the pre-First Step Act sentencing regime, a premise that has not been accepted by the Tenth Circuit, the fact that a potential[5] sentencing disparity exists cannot, by itself, justify a finding of

---

and did consider them before denying Mr. Takai's earlier motion for compassionate release, they are not controlling law and the facts and circumstances of those cases are not the facts and circumstances of Mr. Takai's case. Determining whether exceptional circumstances exist to warrant relief under Section 3582(c)(1)(A) requires an individualized assessment of each defendant's sentence. *See United States v. McGee*, 992 F.3d 1035, 1047 (10th Cir. 2021) (citing *United States v. McCoy*, 981 F.3d 271, 286 (4th Cir. 2020)). Thus, while the individualized circumstances of the cases cited by Mr. Takai may have supported a reduction in sentence under Section 3582(c)(1)(A), they do not dictate the outcome of the current matter.

[5] As discussed in the court's original decision, determining that a sentencing disparity resulting from the First Step Act's amendments even exists in this case would require the court to resort to speculation. Unlike in *Maumau*, where there was no doubt that Section 924(c)'s harsh

extraordinary and compelling reasons for a sentence reduction.

Moreover, contrary to Mr. Takai's assertions, the court did not consider the fact that Mr. Takai stipulated to his current sentence dispositive. Instead, the court clearly indicated that the fact that Mr. Takai stipulated to his sentence, and agreed that the sentence was reasonable, "weigh[ed] against a finding of extraordinary and compelling reasons for a sentence reduction." (ECF No. 146 at 9-10.) Mr. Takai has cited no controlling case law to demonstrate that the court's evaluation of Mr. Takai's plea agreement was clearly erroneous. Instead, Mr. Takai simply asks the court to change its mind, which is not an appropriate ground for seeking reconsideration.

Next, Mr. Takai argues that the court should reconsider its denial of Mr. Takai's request for compassionate relief because reducing Mr. Takai's sentence would provide him with a significant benefit. It is not clear to the court, and Mr. Takai cites no authority to demonstrate, why the significance of a sentence reduction to a defendant is relevant at all to determining whether extraordinary and compelling reasons warrant compassionate release. Surely any sentence

---

mandatory minimum stacking regime would not be applicable to Mr. Maumau after enactment of the First Step Act, Mr. Takai was not subject to any stacking in this case. Indeed, the sentencing guidelines range that applied to Mr. Takai at the time of his original sentencing is identical to the guidelines range he would face if he were sentenced today. While Mr. Takai makes a credible argument that he would not have been willing to accept a 20-year sentence under current circumstances, including by showing that the original guidelines range was miscalculated to his detriment at the time of his original sentencing, the government also makes a compelling argument that it may not have offered a more favorable sentence agreement under the current circumstances given the charges that were dismissed. Thus, it is impossible to determine with any degree of certainty what sentence Mr. Takai would have received under the current circumstances without conducting a plenary resentencing, which is not permitted under Section 3582. *Cf. Dillon v. United States*, 560 U.S. 817, 826 (2010) ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding."). The speculative nature of the potential disparity that Mr. Takai relies on is a significant distinction from the facts that supported the relief granted in *Maumau*.

reduction would be significant to any defendant seeking compassionate release. But the purpose of Section 3582(c)(1)(A) is not to provide a sentence reduction any time a defendant would like one. Rather, Section 3582(c)(1)(A) *only* permits a sentence reduction when one is warranted by extraordinary and compelling reasons.

The court's comparison of the size of the potential sentencing disparity[6] at issue in this case to the disparity at issue in *Maumau* was to aid in the court's evaluation of whether extraordinary circumstances warranting a sentence reduction exist in this case. Section 3582(c)(1)(A) does not give the court "carte blanche to retroactively apply in every instance the amendments to the stacking provision in 18 U.S.C. § 924(c)." 993 F.3d at 838 (Tymkovich, C.J., concurring). "The *extent of the disparity* between the defendant['s] sentence[] and [the sentence] provided for under the First Step Act" is relevant to determining whether extraordinary and compelling reasons for compassionate release exist. *Id*. at 837 n.7 (quoting *McCoy*, 981 F.3d at 286) (emphasis added). Mr. Takai has identified no contrary authority.

Mr. Takai also argues that the seriousness of his crimes should not have been considered by the court when evaluating whether extraordinary and compelling reasons exist for a sentence reduction. He contends, instead, that the seriousness of his crime is already accounted for in the

---

[6] Mr. Takai's discussion of whether the court has discretion to disregard post-First Step Act mandatory minimums when imposing a new sentence pursuant to Section 3582(c)(1)(A) is beside the point. The determination of what reduced sentence to impose under Section 3582(c)(1)(A) can only be made once extraordinary and compelling reasons to reduce a sentence are identified. The fact that the court may have had the discretion to impose a sentence below the post-First Step Act mandatory minimum if it had determined that a sentence reduction was warranted under Section 3582 has no bearing on determining whether the potential disparity between the sentence that was originally imposed and the sentence that may have been imposed under the post-First Step Act sentencing regime is extraordinary or compelling. Nor does it have any bearing on what sentence a defendant might have agreed to if he were not faced with stacking under the pre-First Step Act sentencing regime in the first instance.

sentencing guidelines, which are a consideration to be made under the court's Section 3553(a) analysis.

The court's purpose in discussing the seriousness of Mr. Takai's crimes when evaluating whether extraordinary and compelling reasons justify a sentence reduction in this case was to compare the crimes committed by Mr. Takai to those at issue in the *Maumau* case and the relative sentence that Mr. Takai would receive if his motion were granted when compared to the sentence that Mr. Maumau actually served. Mr. Takai has not identified any authority to support his contention that it was clear error for the court to make such a comparison when considering whether extraordinary and compelling reasons exist in this case.

To the contrary, in his concurring opinion, Chief Judge Tymkovich pointed to "Maumau's extraordinarily long sentence, especially in comparison to the significantly shorter sentences Maumau's co-defendants received for substantially similar conduct," as one of the factors that justified a finding of extraordinary and compelling reasons for a sentence reduction in *Maumau*. 993 F.3d at 838 (Tymkovich, C.J., concurring). As noted in its original decision, Mr. Takai's crime was not substantially similar to the crimes at issue in *Maumau*, yet Mr. Takai seeks a new sentence that would be lower than the sentence that was actually served by Mr. Maumau. The court concludes that Mr. Takai has failed to show that it was clear error to consider such a comparison when determining whether extraordinary and compelling reasons for a sentence reduction exist in this case.

Finally, Mr. Takai asks the court to reconsider its Section 3553(a) analysis. According to Mr. Takai, the court's decision denying Mr. Takai's motion for compassionate release "prioritizes only the seriousness of the offense over all of the other factors." (ECF No. 148 at 10.)

6

District courts have "broad discretion to consider particular facts in fashioning a sentence under 18 U.S.C. § 3553(a)." *Gross*, 44 F.4th at 1304 (citation omitted). "[T]he court need not rely on every single [§ 3553(a)] factor—no algorithm exists that instructs the district judge how to combine the factors or what weight to put on each one." *Id*. (citation omitted). "[A]s long as the balance struck by the district court among the factors set out in § 3553(a) is not arbitrary, capricious, or manifestly unjust," an appellate court will defer to the district court's balancing. *United States v. McCrary*, 43 F.4th 1239, 1249 (10th Cir. 2022).

Here, Mr. Takai fails to demonstrate that the court's original Section 3553(a) analysis was arbitrary, capricious, or manifestly unjust. Thus, he has failed to show that the court's original determination that the Section 3553(a) factors did not support a sentence reduction in this case was clearly erroneous.

Because Mr. Takai has failed to demonstrate the existence of any clear error in the court's original decision denying his motion for compassionate release, he is not entitled to reconsideration of that decision. Accordingly, Mr. Takai's motion to reconsider is denied.

DATED this 12th day of October, 2022.

BY THE COURT:

_____
Clark Waddoups
United States District Court