IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| SIOSAIA TAKAI, | **MEMORANDUM DECISION AND ORDER DENYING § 2255 MOTION** |
| Petitioner, | |
| v. | Case No.  2:16-cv-469 |
| UNITED STATES OF AMERICA, | Judge Clark Waddoups |
| Respondent. | |

"Petitioner Siosaia Takai filed a § 2255 motion to challenge his § 924(c) conviction based on the Supreme Court's decision in *United States v. Johnson*, 135 S. Ct. 2551 (2015)."  Supp. Brief, at 1 (ECF No. 11).  The case was stayed to allow sufficient time for development of the law following the *Johnson* decision.  On March 23, 2022, the court ordered that "this case should proceed to resolution."  Dkt. Text Order (ECF No. 10).  Thereafter, Mr. Takai filed supplemental briefing in support of his motion.  For the reasons stated below, the court denies Mr. Takai's motion.

I.    **PETITIONER'S ARGUMENTS**

Petitioner offers three main arguments as to why Hobbs Act Robbery is not a categorical crime of violence.  Each argument is stated below.

A.    **Hobbs Act Robbery May Be Committed Without Physical Force Against Intangible Property**

"Mr. Takai pleaded guilty to violating 18 U.S.C. § 924(c) in connection with a Hobbs Act robbery."  Supp. Brief, at 1–2 (ECF No. 11).  Section 924(c)(3)(A) is the applicable subsection for this motion.  It provides that a "'crime of violence' means an offense that is a felony and . . . has

as an element the use, attempted use, or threatened use of physical force against the person or property of another."  18 U.S.C. § 924(c)(3)(A).

Mr. Takai contends that a Hobbs Act robbery cannot be a crime of violence under the categorical approach because a "Hobbs Act robbery can be accomplished by using or threatening harm to intangible property, which does not require the use of any physical force."  Supp. Brief, at 3.  He provides an example that Hobbs Act robbery can be accomplished by "threaten[ing] to hack into a computer and to steal the business's customer lists or other valuable information" in order to "obtain property from a person."  *Id.* at 4.

Mr. Takai acknowledges that a Tenth Circuit case has already intimated that such a threat is not a Hobbs Act robbery, but a Hobbs Act extortion.  *Id.* (citing *United States v. Dubarry*, 741 F. App'x 568, 570 (10th Cir. 2018)).  He contends, however, that the case is not binding and should not be followed.  *Id.* at 4.  Instead, he asserts the Tenth Circuit Criminal Pattern Jury Instructions should be followed.  *Id.* at 4–6.

**B.    Hobbs Act Robbery May Be Committed with Non-Violent Physical Force**

Mr. Takai further contends "that a person can use or threaten physical force against property that is not necessarily violent."  Supp. Brief, at 6.  In support, he cites *United States v. Bowen*, 936 F.3d 1091, 1102, 1106–08 (10th Cir. 2019), which involved witness retaliation convictions.  The *Bowen* court noted that threatening to "spray-paint a witness's car" does not require the use of violent force; hence, the crime was not categorically a crime of violence.  *Id.* at 1104, 1107–08.  Mr. Takai contends *Bowen* should be applied to Hobbs Act robbery as well.  Supp. Brief, at 7.

### C.   *Melgar-Cabrera* Did Not Address the Above Arguments, and Therefore Is Not Controlling

Finally, Mr. Takai asserts *United States v. Melgar-Cabrera*, 892 F.3d 1053 (10th Cir. 2018) does not foreclose his arguments.  In *Melgar-Cabrera*, the Tenth Circuit held that a Hobbs Act robbery is categorically a crime of violence.  *Id.* at 1060, 1066 (affirming district court's decision that Hobbs Act robbery "categorically constitute[s] a crime of violence").  Mr. Takai contends, however, the Court only focused on threats "directed at a person." Supp. Brief, at 8.  Because the Court did not consider "a threat directed at property," he contends *Melgar-Cabrera* is not controlling and "this court is free to decide the merits of Mr. Takai's property-based arguments." *Id.* at 8, 11.

## II.   RULING IN *BAKER* IS BINDING AND REJECTS THE ABOVE ARGUMENTS

After Mr. Takai submitted his supplemental brief, the Tenth Circuit issued *United States v. Baker*, 49 F.4th 1348 (10th Cir. 2022).  The defendant "appeal[ed] from the district court's denial of his second or successive motion pursuant to 28 U.S.C. § 2255."  *Id.* at 1350.  The Tenth Circuit granted a "certificate of appealability ("COA") on the following issue:"

> In light of the contention that Hobbs Act robbery can be accomplished by *threatening injury to intangible property*, was *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064–66 (10th Cir. 2018) (holding that Hobbs Act robbery qualifies as a crime of violence under the elements clause of § 924(c)(3)(A)), wrongly decided because Hobbs Act robbery would not qualify as a crime of violence either categorically under § 924(c)(3)(A) or under § 924(c)(3)(B) after *United States v. Davis*?

*Id.* at 1350–51 (emphasis added) (alteration omitted).  Based on the defendant's subsequent briefing, the Court stated the defendant had sought to expand the COA because he,

> effectively attempts: (1) to argue that Hobbs Act robbery, when accomplished through threats to injure *any* property—tangible or intangible—is not a crime of violence under § 924(c)(3)(A), and (2)

3

> our decision in *United States v. Melgar-Cabrera*, where we held
> Hobbs Act robbery *categorically* qualifies as a crime of violence
> under § 924(c)(3)(A) does not bar his argument because it is
> inapposite.

*Id.* at 1351 (emphasis in original) (internal citation omitted).  The briefing changed the focus from intangible property to any property, and it also no longer "challenge[d] the vitality of *Melgar-Cabrera*."  *Id.* at 1355–56.  Instead, the defendant modified his position to state the case was merely inapposite.  *Id.* at 1356.

The Tenth Circuit rejected both the original COA issue and the reframed issue and held that *Melgar-Cabrera* applied to "every act—including the least of the acts—criminalized by Hobbs Act robbery."  *Id.*  The Court cited to published decisions it had issued after *Melgar-Cabrera* and stated the decisions "have left no doubt regarding the categorical scope of [its] holding in *Melgar-Cabrera*."  *Id.* at 1356–57.  Additionally, the Court stated the defendant's "reasoning goes, because *Melgar-Cabrera* did not consider the possibility that Hobbs Act robbery can be accomplished through threats or 'fear of injury' directed towards intangible or tangible property, we can hold that Hobbs Act robberies committed by such threats are not qualifying crimes of violence under § 924(c)(3)(A)."  *Id.* at 1358.  That is the same reasoning Mr. Takai has argued in this case.  The Court, however, "reject[ed] this line of reasoning" in *Baker*.  *Id.*  Moreover, it rejected the argument that *Bowen* demonstrates Hobbs Act robbery should not be classified as a crime of violence.  *Id.* at 1359.

The *Baker* decision is binding precedent.  Because the Tenth Circuit has rejected the same arguments Mr. Takai makes here, this court denies Mr. Takai's § 2255 motion.

### III.   DENIAL OF CERTIFICATE OF APPEALABILITY

The court denies a certificate of appealability because *Baker* left no room for reasonable debate.

### CONCLUSION

For the reasons stated above, the court DENIES Mr. Takai' § 2255 motion, and also denies a certificate of appealability.

DATED this 19th day of December, 2022.

BY THE COURT:

Clark Waddoups
United States District Judge