# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SIOSAIA TAKAI<br><br>Defendant. | MEMORANDUM DECISION AND ORDER ON MOTION TO CORRECT RECORD PURSUANT TO RULE 36<br><br>Case No.  2:11-cr-542-CW<br><br>Judge Clark Waddoups |

On November 14, 2025, Defendant Siosaia Takai filed a motion to correct a claimed error in his Presentence Investigation Report ("PSR").[1] [*See* ECF No. 183.] According to Mr. Takai, his PSR should be "corrected" to reflect a total offense level of 23 and a resultant Guidelines range sentence of 190 to 207 months. [*See id.* at 1.] Mr. Takai cites Federal Rule of Criminal Procedure 36 as the sole basis to support this corrective activity.  For the reasons explained below, Mr. Takai's Rule 36 motion is **DENIED**.

---

[1]    The PSR was initially prepared on June 24, 2013, and revised on August 20, 2013. [*See* PSR, ECF No. 121 (sealed).]

-1-

## BACKGROUND

In 2013, Mr. Takai was convicted of committing two separate Hobbs Act robberies and a single charge of using, carrying, brandishing, and discharging a firearm in relation to a crime of violence under 18 U.S.C. § 924(c). During the course of one of those robberies, Mr. Takai shot a store clerk in the face, severely injuring the clerk.

Foregoing a trial, Mr. Takai entered a plea agreement with the United States. Among other things, his plea agreement called for the dismissal of Count II of his Indictment, which charged him with a second § 924(c) firearms offense. [*See* ECF No. 112 at 5.] The dismissal of this charge represented a reduction of a minimum of 12 years in additional imprisonment. [*See* PSR, ECF No. 121 (sealed), at 22 ¶73.] In return, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Mr. Takai and the United States agreed to the imposition of a 240-month sentence. [*See* ECF No. 112 at 5.] On August 20, 2013, the court accepted that plea agreement and sentenced Mr. Takai to a term of 240 months. [*See* ECF Nos. 118 & 119.]

## ANALYSIS

Rule 36 is limited in its application. By its express terms it may only be used to "correct a clerical error in the judgment, order, or part of the record, or correct an error arising from oversight or omission." FED. R. CRIM. P. 36. Consistent with this limiting language, the Tenth Circuit has held that Rule 36 only allows for the correction of "'non-substantive errors.'" *See United States v. Gomez-Olivas*, 672 Fed

Appx. 887, 887 (10th Cir. 2017) (unpublished) (quoting *United States v. Lonjose*, 663 F.3d 1292, 1299 n.7 (10th Cir. 2011)); *cf. United States v. Werber*, 51 F.3d 342, 347–48 (2d Cir. 1995) (noting that district court lacks jurisdiction under Rule 36 to remedy "an error of law").  More specifically, the Tenth Circuit has explained that a Rule 36 motion may not be used "'to challenge the substance of the information in a presentencing report.'" *Gomez-Olivas*, 672 F. App'x at 887–88 (quoting *United States v. Simon*, 36 F. App'x 415, 416 (10th Cir. 2002) (unpublished)).

In his Rule 36 motion, Mr. Takai asserts that the Adjusted Offense Level calculated for his Hobbs Act conviction under Count 3 was in error because it included a 7-level enhancement under U.S.S.G. § 2B3.1(b)(2)(A) for the discharge of a firearm during a robbery.  [*See* ECF No. 183 at 2.]  He argues that the Adjusted Offense Level should have instead been a level 24, and that after the appropriate grouping of his Hobbs Act convictions under U.S.S.G. § 3D1.4, his Total Offense Level for both Hobbs Act convictions under Counts 1 and 3 of his Indictment should have been a level 23 (rather than a 29).  The resulting Guidelines range sentence, when combined with the 120-month statutory minimum consecutive firearm sentence under Count 4, should have been 190 to 207 months instead of the 241 to 271 months calculated in the PSR.  [*See* ECF No. 183 at 2–3.][2]

Notably, Mr. Takai does not argue that this was some form of a clerical error.

---

[2] According to Mr. Takai it was error to include this specific offense characteristic enhancement because U.S.S.G. § 2K2.4, comment n.4, precludes the use of any specific enhancement for discharging a firearm when a defendant is also being sentenced for a crime of using or discharging a firearm. [*See* ECF No. 183 at 2.] Because, as discussed herein, this type of error is not one that can be addressed under Rule 36, the court has not examined the merits of this argument.

-3-

He does not argue that the math was wrong or that there was some transposition of any numbers used in calculating his Adjusted Offense Level. Instead, he asserts that the PSR's inclusion of the firearm discharge enhancement was a "clear and obvious" error that arose from an "oversight or omission." [*See* ECF No. 183 at 1, 5.]

As a threshold matter, Mr. Takai nowhere in his motion cites any case in which a similar claim of oversight or omission was corrected under Rule 36. In fact, Rule 36 has been consistently interpreted to exclude errors arising from any oversight or omission by the court—rather than traditional clerical errors—from its purview. *See United States v. Kieffer*, 596 F. App'x 653, 660 (10th Cir. 2014) (unpublished) ("Rule 36 is narrow, applying only to uncontroversial and non-substantive clerical errors of the sort that a clerk or amanuensis might commit, mechanical in nature.") (internal quotations omitted); *United States v. Blackwell*, 81 F.3d 945, 948–49 (10th Cir. 1996) ("Rule 36 gives the court authority to correct clerical-type errors …."); *see also United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (noting that Rule 36 is interpreted "as dealing only with clerical errors, not with mistakes or omissions by the court") (citation omitted); 3 CHARLES ALAN WRIGHT & SARAH N. WELLING, FEDERAL PRACTICE AND PROCEDURE § 641 at 773 & n.16 (4th ed. 2011) (citing cases).

But even if he had done so, and even if a non-clerical omission or oversight can be corrected under Rule 36, Mr. Takai does not explain how the deliberate inclusion of a sentencing enhancement in his PSR can be deemed an "oversight" or an "omission" under Rule 36.

Oversight is defined as an "inadvertent omission or error." *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1610 (1971). But here the firearm discharge enhancement was not inadvertently added to the PSR but was intentionally included—the polar opposite of inadvertence. *Cf. United States v. Cooper*, 979 F.3d 1084, 1089 (5th Cir 2020) (noting that "Rule 36 does not cover deliberate drafting choices, such as the deliberate wording of a pre-sentence report") (citation omitted). And Mr. Takai raises no argument, cites no case law, and has presented no facts to support any inadvertence.

Nor is this an omission. Omission is defined as "something neglected or left undone." *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1574 (1971). The *inclusion* of the firearm discharge enhancement is by no means an omission, and Mr. Takai makes no argument otherwise.

What is plain is that Mr. Takai's beef with the PSR is that he claims it contains a substantive legal error: the wrongful inclusion of the 7-level firearm discharge enhancement. But the Tenth Circuit and many other authorities that have addressed this issue have confirmed that Rule 36 does not provide any relief in such a circumstance. *See Gomez-Olivas*, 672 F. App'x at 887 (holding that Rule 36 can only be used to correct non-substantive errors) (citing cases); *see also United States v. Daddino*, 5 F.3d 262, 264 (7th Cir. 1993) (recognizing that "cases and commentary flesh out the parameters of Rule 36 and demonstrate that this exception does not apply to errors made by the court itself") (citation omitted); *see also* 26 MOORE'S FEDERAL PRACTICE – CRIMINAL PROCEDURE § 636.03 [1][a] (2025)

("Similarly, Rule 36 does not authorize the sentencing court to correct a sentence imposed in violation of law, as a result of an incorrect application of the sentencing guidelines, or to otherwise substantively modify sentences.").

Simply put, the alleged error in calculating Mr. Takai's Adjusted Offense Level in not the type of mechanical error that may be corrected under Rule 36. *See, e.g., United States v. Contrera*, 20-4083, 2022 WL 301784, at *2 (2d. Cir. Feb. 2, 2022) (unpublished) (holding that a claim that a PSR incorrectly calculated Guidelines offense level by, among other things, improperly including a sentencing enhancement is a substantive error not within the purview of Rule 36); *see also United States v. McKinney*, No. 06-20078, 2025 WL 238866, at *2 (D. Kan. Jan. 17, 2025) (holding that errors in Guidelines calculations in a PSR are "outside the ambit of Rule 36") (citing cases).

Relief for this type of error, if at all available, may have been available under different criminal procedural rules or under other specific statutory grants of authority. *See, e.g., Blackwell*, 81 F.3d at 947–49 (identifying various rules and statutes that might permit modification of the substantive terms of a sentence). For example, Rule 35 allows for corrections of clear error at sentencing, but only if the error is asserted within seven days after sentencing. *See* FED. R. CRIM. P. 35.[3] And, perhaps more relevant here, to the extent a defendant has any objection to the PSR, Rule 32 commands that such an objection is to be raised within 14 days after receipt

---

[3] By its terms Rule 35 allows for correction of a sentence that "resulted from … clear error." Rule 36, however, does not contain any "clear error" corrective reach.

-7-

of the PSR or at the latest at sentencing.  *See* FED. R. CRIM. P. 32(f)(1) & (i)(1)(D); *see United States v. Eastteam,* 426 F.3d 1301, 1303 (10th Cir. 2005); *United States v. Cosgrove*, No. 00-20118, 2008 WL 5119679, at *1 (D. Kan. 2008).  But Mr. Takia did not raise an objection to the inclusion of the firearm discharge enhancement within 14 days after he received the PSR.  Nor did he do so at or within seven days his sentencing.

For all the reasons expressed above, the relief that Mr. Takai seeks is not available under Rule 36.  Accordingly, **IT IS HERBEY ORDERED** that Mr. Takai's Rule 36 motion [ECF No. 183] is **DENIED**.

DATED this 22nd day of December 2025.

BY THE COURT:

_____
Hon. Clark Waddoups
United States District Judge